No. 711

CLEVELAND RY. CO. v. WIER, etc.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5414. Decided Jan. 19, 1925

1014. RELEASES—Contention that release of one joint tort-fessor releases the other is incorrect where it is apparent that an action has been independently stated against the tort-feasor who has been released.

923. PLEADINGS—Cannot be used as evidence upon subject of character and extent of release when there is denial that discharge and settlement was for full satisfaction and compensation for injuries.

SULLIVAN, J.

Samuel Weir, by his mother and next friend, sued the Cleveland Railway Co., and recovered a judgment in the Cleveland Municipal Court in the sum of $750. Weir was struck by a truck upon his alighting from a street car which had preceeded to a point about 150 feet west of the regular stop, before giving Wier an opportunity to alight.

Joint negligence was alleged on part of the Railway Co. and one, Frank Paryzek, the owner of the truck. Subsequent to the bringing of the suit the court made an entry: "Settled and dismissed as to the defendant Frank Paryzek," and the case proceeded against the Railway Co. alone.

An issue was made as to whether, under the authorities, the release of Paryzek, by the action of the court in making the entry above set forth, had also released the co-defendant, the Cleveland Ry. Co. Error was prosecuted and the Court of Appeals held:

1. There is no bill of exceptions and therefore the error proceedings are based upon the transcript and docket entries, unless the court should see fit to consider the pleadings as evidence in the case to the extent to which admissions upon material averments appear.

2. It is apparent from the pleadings, that with respect to the question as to whether said entry of settlement and dismissal referred to a covenant not to sue, a release or cancellation, or whether it referred to a general and unqualified release with or without reservation, that the parties are at issue and, therefore, the pleadings themselves cannot be considered as evidence in the case because of the issue raised therein as to the character and significance of the transaction which formed the basis for the said entry.

3. Allegation of Wier that he denies that said discharge, release and settlement were for full satisfaction and compensation for his injuries, destroys the pleadings as evidence upon the subject of character and extent of release.

4. In consideration of this case, while there is an allegation of joint liability in the statement of claim, yet from a full reading thereof it is apparent that an independent action is stated against the Railway Co. and it is not necessary to say whether there was at the same time a cause of action stated against Paryzek, because the case was settled and dismissed as to him.

5. Under these circumstances it is very doubtful whether the Railway Co. and Paryzek were joint tort feasors or concurred as to time, or any other material element, with common intent to commit the negligence and do the injury complained of. In this view the whole contention of the Railway Co. that the release of one joint tort-feasor releases the other is not well taken.

Judgment affirmed.

Attorneys—Squires, Sanders & Dempsey for Company; Wm. J. Corrigan for Wier; all of Cleveland.